**QIU FANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, U.S. Department of Justice, Michael Chertoff, Assistant Secretary of DHS, Michael**

---

Garcia, Assistant Secretary of Homeland Security in Charge of the U.S.I.C.E., Edward McElroy, New York City Interim Office Director, ICE, Respondents.

No. 05–2760–ag.

United States Court of Appeals, Second Circuit.

Sept. 12, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney, Margaret E. Pickering, Assistant United States Attorney, Pittsburgh, PA, for Respondents.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Qiu Fang Chen, a native and citizen of China, seeks review of a February 14, 2003 order of the BIA denying her motion to reopen its December 9, 2002 order summarily affirming the December 8, 2000 decision of immigration judge ("IJ") Annette Elstein denying Qiu's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Qiu Fang Chen,* No. A77 293 141 (B.I.A. Feb. 14, 2003), *denying* No. A77 293 141 (B.I.A. Dec. 9, 2002), *aff'g* No. A77 293 141 (Immig. Ct. N.Y. City December 8, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). Chen argues that the BIA should have taken administrative notice of material submitted in other factually similar cases. However, as Chen did not address the issue of administrative notice in her motion before the BIA, and the Government specifically argues that she failed to address the issue in a motion to reconsider the denial of her motion to reopen and thus failed to properly exhaust it at the agency level, we decline to review such argument. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 115–16 (2d Cir.2006).

In support of her motion to reopen, Chen submitted a personal affidavit, her marriage certificate, and the birth certificates of her two children. *See* JA at 8–14. Chen failed to present any country condition material indicating that she would likely be sterilized upon return to China on account of her two United States-citizen

children, and the BIA correctly noted that none of the submitted evidence established Chen's *prima facie* eligibility for relief. Because Chen's fear of future persecution based on illegal departure and the birth of two United States-citizen children is totally unsubstantiated, the BIA did not abuse its discretion in denying the motion to reopen. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best").

For the foregoing reasons, the petition for review is DENIED. Having complet-ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).